In the Matter of the Application of EDWARD DEC. CHISHOLM and Others, Petitioners, against MARK GRAVES and Others, Constituting the State Tax Commission for the State of New York, Respondents, to Review a Determination Made under Article 16-A of the Tax Law for the Year 1935.

Third Department, January 8, 1941.

*Robinson & Henson* [*Russell W. Jackson* and *Robert E. Lawther* of counsel], for the petitioners.

John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig, Assistant Attorney-General, of counsel], for the respondents.

SCHENCK, J. The only question involved here is whether or not petitioners were entitled to make a deduction in computing their net income for 1935 for charging off a worthless debt which they claim had a market value of $76,026.40 on January 1, 1935. The Tax Commission has refused to grant the deduction and has compelled payment, under protest, of an income tax based on petitioners' net income for 1935 including the amount of the foregoing worthless debt. In arriving at the conclusion that the said debt is non-deductible the Commission has found that the debt in question had no market value on January 1, 1935. Under section 386-e of article 16-A of the Tax Law a worthless debt must have had a value, as of the first of the tax year, equivalent to the amount of the charge-off, the claim for deduction of which is sought.

On January 1, 1935, petitioners were owed the sum of $404,167.49 by one Learnard. The debt had been incurred as a consequence of the stock market collapse of 1929. During the interval between 1929 and January 1, 1935, following a series of transactions among petitioners, Learnard and the Beausite Corporation, a corporation owned and controlled by Learnard and his family, petitioners received 500 shares of stock in Beausite Corporation as security for Learnard's debt. On January 1, 1935, the sole assets of the corporation were fifty-seven and thirty-seven one-hundredths acres of land in Greenwich, Conn. There were liens on the land totaling $96,083.80 at that time. On January 11, 1935, the mortgages comprising the said liens were foreclosed, the property sold at foreclosure sale and no attempts were made by petitioners to redeem during the redemption period. No surplus remained upon the foreclosure sale.

Petitioners maintain, however, that the land in question was actually worth $3,000 per acre, both on January 1, 1935, and at the time of the foreclosure sale. They contend, therefore, that the land was worth $172,110 at the time in question, leaving an equity of $76,026.40 above the foregoing mortgage liens, which represented the value of the security for Learnard's debt. Petitioners thus contend that the debt had a value in this amount which was charged off in 1935.

That position is not tenable. In the first place, petitioners' valuation is based only upon the testimony of a real estate expert. The foreclosure sale which failed to bring a price in excess of existing liens contradicts this valuation. Furthermore, petitioners made no attempt to redeem although they now claim their failure to take this step caused them a loss of over $76,000. Finally, the Tax

Commission has found that in 1932, following sale of part of Beausite's property, petitioners stopped advancing funds for taxes and interest, thus indicating that they were abandoning their interest in the property at that time.

Accordingly, there was ample evidence to support the conclusions of the Tax Commission that the debt in property had no value on January 1, 1935, and that the petitioners had abandoned their interest in the property securing said debt prior to that time.

The determination should be confirmed.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Determination confirmed, with costs.